UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MH EQUITY MANAGING MEMBER, LLC, | ) ) | Case No. 13-06283-JKC-11 |
| | ) | Hon. James K. Coachys |
| Debtor. | ) | |

**INITIAL JOINT STIPULATION OF FACTS FOR HEARING ON
MOTION TO DISMISS CHAPTER 11 BANKRUPTCY CASE**

Pursuant to the Court's September 24, 2013, Order regarding the evidentiary hearing on the Motion to Dismiss the Chapter 11 case, Merchant Capital, LLC and Menard, Inc. (collectively, the "**Merchant Creditors**"), and MH Equity Managing Member, LLC (the "**Debtor**" and together with the Merchant Creditors, the "**Parties**"), hereby submit the following Initial[1] Joint Stipulation of Facts:

**I.     The Creation, Purpose and Structure of the Fund**

1.     MH Private Equity Fund, LLC (the "**Fund**") was established as of August 31, 2005.  (*See* Fund Operating Agreement, a true and accurate copy of which, as amended, is attached hereto as Exhibit 1).  The purpose of the Fund was to, among other things, invest the assets of the Fund in equity and/or debt investments in new or existing businesses.  *Id.*

2.     The Debtor and Merchant Capital, LLC ("**Merchant Capital**") were the sole members of the Fund, with Merchant Capital holding an 80% ownership interest and the Debtor holding a 20% interest.  *Id.*

---

[1] The undersigned counsel for the Debtor has advised counsel to the Merchant Creditors that in light of the Merchant Creditors' request to conduct additional discovery prior to the hearing on the motion to dismiss, any Stipulation of Facts should be interim and subject to amendment or supplement.

3. The Fund Operating Agreement provided that the Debtor was the manager of the Fund. *Id.* The Fund Operating Agreement further provided certain instances in which the Debtor could be removed as manager of the Fund. *Id.*

## II.  The Filing of the Wisconsin State Court Action and Temporary Injunction Order

4. On November 27, 2012, the Merchant Creditors, along with other parties, commenced a lawsuit against the Debtor and others in the Circuit Court of Eau Claire County, Wisconsin. (*See* Complaint, Merchant Capital, *et al.* v. MH Equity Managing Member LLC, *et al.*, No. 2012 CV 734 (Eau Claire Cty., Wis.) (the "**State Court Action**"), a true and correct copy of which is attached hereto as Exhibit 2).

5. The State Court Action followed notice that Merchant Capital sent to the Debtor on June 4, 2012 (the "**June 4th Notice**"), in which Merchant Capital stated that it "does hereby remove [the Debtor] as the Manager of the [Fund]," and that the Debtor was no longer "authorized to act on behalf of the Fund in any capacity without the express approval of Merchant Capital." (June 4th Notice, a true and correct copy of which is attached hereto as Exhibit 3). The Debtor disputed that the June 4th Notice removed it as manager of the Fund.

6. On January 3, 2013, Merchant Capital filed a motion in the State Court Action for a temporary injunction that would require the Debtor to turn over control of the Fund to Merchant Capital.

7. On February 19, 2013, the court in the State Court Action (the "**State Court**") held a hearing on the temporary injunction motion.

8. On March 13, 2013, the state court entered an Order (the "**Temporary Injunction Order**") regarding its February 19, 2013 ruling. (Temporary Injunction Order, a true and correct copy of which is attached hereto as Exhibit 4).

2

9. On March 4, 2013, the Debtor, along with other parties, filed a motion to require Merchant Capital to post a bond for the Temporary Injunction Order. The State Court later denied that motion.

10. On March 27, 2013, the Debtor, along with other parties, filed a petition for leave to appeal the Temporary Injunction Order in the Wisconsin Court of Appeals. The Court of Appeals later denied the petition.

11. On May 1, 2013, the Merchant Creditors filed a petition in the Marion County Superior Court, Indiana, for an order to issue subpoenas (the "**Petition for Subpoenas**") in connection with a Constructive Trust Motion filed in the State Court Action. (Petition for Subpoenas, a true and correct copy of which is attached hereto as Exhibit 5). The Subpoenas sought information from National Bank of Indianapolis and JPMorgan Chase Bank, N.A. regarding accounts held by Stephen Hilbert ("**Hilbert**"), Tomisue Hilbert and entities in which they held an ownership or beneficial interest. *Id.*

12. Hilbert, his wife, and other parties whose records were sought under the subpoenas opposed the Petition for Subpoenas, and a hearing on the petition was scheduled for June 13, 2013. The June 13, 2013 hearing did not go forward due to the Debtor's June 12, 2013 bankruptcy filing.

**III.    The Debtor's Bankruptcy Filing and Subsequent Events in the Chapter 11 Case**

    **A.    Actions Taken On the Petition Date**

13. On June 12, 2013 (the "**Petition Date**"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

14.     Attached to the Debtor's petition was a resolution, which authorized the bankruptcy filing. (Resolutions Adopted by Debtor, a copy of which is attached hereto as <u>Exhibit 6</u>). The Resolution authorized, among other things, for the Debtor to file a chapter 11 bankruptcy case "on or before June 13, 2013." *Id.*

15.     The Debtor also filed its Statement of Financial Affairs (the "**SOFA**") on the Petition Date. (SOFA, a true and correct copy of which is attached hereto as <u>Exhibit 7</u>).

16.     The Debtor also filed its Schedules of Assets and Liabilities (the "**Schedules**") on the Petition Date. (Schedules, a true and correct copy of which is attached hereto as <u>Exhibit 8</u>). The Schedules state that, as of the Petition Date, the Debtor's assets were as follows:

| Asset | Stated Value |
|---|---|
| Bank Account | $352.39 |
| Insurance Policies | Unknown |
| Ownership Interest in the Fund | Unknown |
| Counterclaim in the State Court Action | $10 million |
| Interest in Fund Operating Agreement | Unknown |
| Miscellaneous Office Equipment | Unknown |

17.     The Schedules list no secured creditors or creditors holding unsecured priority claims. *Id.* Schedule F discloses the following unsecured creditors:

| Creditor Name | Listed Amount of Claim |
|---|---|
| Australian Gold, LLC[2] | $709,032.63 |
| Excelsus LLC | Unknown |
| James S. Adams | $112,500.00 |
| Merchant Capital | Unknown |
| Rollin Dick | $250,000.00 |
| Ronald Gerwig | $60,000.00 |
| Rudder Ware, LLC | $0.00 |
| Taft, Stettinius, Hollister LLP | $339,653.96 |

---

[2] Australian Gold is also a plaintiff in the State Court Action.

4

18. On the Petition Date, the Debtor also filed a notice of removal in the State Court Action, seeking to remove the case to the United States District Court, Western District of Wisconsin (the "**Wisconsin District Court Action**"). (Notice of Removal filed in the Wisconsin District Court Action, a true and correct copy of which is attached hereto as Exhibit 9). The Notice of Removal also requests the transfer of the case to the United States District Court, Southern District of Indiana. *Id.*

   B.   **Events Subsequent to the Petition Date**

19. The Debtor has filed four Monthly Operating Reports during this chapter 11 case. (Monthly Operating Reports, true and correct copies of which are attached hereto as Group Exhibit 10). The Monthly Operating Reports state that the Debtor has received no income during the chapter 11 case.

20. The Debtor's meeting of creditors was held on July 24, 2013.

21. The Merchant Creditors filed the Motion to Dismiss the Debtor's chapter 11 case on August 21, 2013. (Motion to Dismiss, a true and correct copy of which is attached hereto as Exhibit 11).

22. On October 7, 2013, the Debtor filed its Amended Statement of Financial Affairs (the "**Amended SOFA**"). (Amended SOFA, a true and correct copy of which is attached hereto as Exhibit 12). The Amended SOFA listed sixteen (16) transfers, totaling $1,456,358.75, in answer to Question 23 that were not disclosed in the original SOFA.

23. The Debtor filed its proposed plan of reorganization (the "**Plan**") on October 10, 2013. (Plan, a true and correct copy of which is attached hereto as Exhibit 13).

The undersigned agree that the stipulations set forth herein shall be binding only for purposes of the hearing on the Motion to Dismiss the Debtor's Chapter 11 Case.

5

| | |
|---|---|
| /s/ Michael D. Freeborn | /s/ Jeffrey A. Hokanson |
| Michael D. Freeborn | Jeffrey A. Hokanson |
| FREEBORN & PETERS LLP | FROST BROWN TODD LLC |
| 311 South Wacker Drive, Suite 3000 | 201 North Illinois Street, Suite 1900 |
| Chicago, Illinois 60606-6677 | Indianapolis, Indiana 46244-0961 |
| Telephone: 312.360.6000 | Telephone: 317.237.3962 |
| Facsimile: 312.360.6995 | Facsimile: 317.237.3900 |
| E-mail: mfreeborn@freeborn.com | E-mail: jhokanson@fbtlaw.com |
| | |
| *Counsel for Merchant Capital, LLC and Menard, Inc.* | *Counsel for the Debtor* |